People v Brassard (2022 NY Slip Op 05241)

People v Brassard

2022 NY Slip Op 05241

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

112631
[*1]The People of the State of New York, Respondent,
v
Kenneth Brassard Jr., Appellant.

Calendar Date:September 2, 2022

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Fisher, JJ.

Adam H. Van Buskirk, Auburn, for appellant.
Andrew J. Wylie, District Attorney, Plattsburg (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (Keith M. Bruno, J.), rendered September 6, 2019, convicting defendant upon his plea of guilty of the crime of predatory sexual assault against a child in the first degree.
In 2016, defendant pleaded guilty to a one-count indictment charging him with predatory sexual assault against a child in the first degree, and County Court (Ryan, J.) sentenced defendant to the maximum prison term of 25 years to life (166 AD3d 1312 [3d Dept 2018]). Upon appeal, this Court — finding that defendant's statements at the time of sentencing negated an element of the charged crime — reversed and remitted the matter for further proceedings (id.). Following additional discussions and negotiations, defendant was afforded the opportunity to plead guilty to the charged crime with the understanding that he would be sentenced to a prison term of 20 years to life. Although the plea agreement did not encompass any potential federal charges that could be filed against defendant, it did cover any additional state charges that occurred during the period charged in the indictment and that the People otherwise may have elected to pursue. Against that backdrop, defendant pleaded guilty, and County Court (Bruno, J.) imposed the contemplated term of imprisonment. This appeal ensued.
Defendant's sole argument upon appeal — that the agreed-upon sentence imposed should be reduced in the interest of justice — is unpersuasive. Defendant admitted that, over the course of a 16-month period, he engaged in multiple acts of oral sexual conduct with a child less than 13 years old. Given the exploitive and pernicious nature of defendant's conduct, we do not find the negotiated sentence, which was well within the permissible statutory range (see Penal Law § 70.00 [2] [a]; [3] [a] [ii]), to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Lynch, Clark, Aarons and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.